IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | No. 1:17-cr-35-HSO-RHW-2 |
| MELVIN JERRELL WALKER | § § § | |

## ORDER DENYING DEFENDANT MELVIN JERRELL WALKER'S MOTION [75] FOR COMPASSIONATE RELEASE AND MODIFICATION OF SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018

BEFORE THE COURT is Defendant Melvin Jerrell Walker's Motion [75] for Compassionate Release and Modification of Sentence Pursuant to the First Step Act of 2018. The Court finds that this Motion [75] should be denied.

I. BACKGROUND

Pursuant to a written Plea Agreement [25] with the Government, on April 28, 2017, Defendant Melvin Jerrell Walker ("Defendant" or "Walker") pleaded guilty to a one-count Information [1] in this case, which charged that he "did knowingly and intentionally conspire with" his co-Defendants "and others known and unknown, to possess with intent to distribute methamphetamine, a Schedule II narcotic controlled, all as prohibited by Section 841(a)(1), Title 21, United States Code." Information [1] at 1. On August 1, 2017, the Court sentenced Walker to serve a term of 188 months imprisonment followed by a period of three years supervised release, with a fine of $5,000.00 and a special assessment of $100.00. J. [33] at 2-3,

6. Walker is currently incarcerated at Federal Correctional Institution McDowell ("FCI McDowell") in Welch, West Virginia. Mot. [75] at 18.

On May 28, 2021, Walker filed a Motion [64] for Compassionate Release, asserting that the conditions at FCI McDowell brought on by the COVID-19 pandemic, along with his "remarkable record of post-sentence rehabilitation," qualified him for compassionate release. *See* Mot. [64] at 5. Walker also argued that "if sentence[d] today[,] his sentence would be different." *Id*. On June 23, 2021, the Court entered an Order [73] denying Walker's Motion [64] without prejudice based on its finding that Walker had failed to exhaust his administrative remedies in compliance with 18 U.S.C. § 3582(c)(1)(A) prior to filing his Motion [64]. Order [73] at 4-5.

On January 4, 2022, Walker filed the present Motion [75] for Compassionate Release, which is nearly identical to his initial Motion [64]. *Compare* Mot. [75], *with* Mot. [64]. However, Walker asserts that he has now exhausted his administrative remedies, Mot. [75] at 5, and has attached documents which support his assertion, *see* Ex. 1 [75-1] at 1-6 (documenting Walker's request for compassionate release filed with the Bureau of Prisons ("BOP") and subsequent denial).

The Government has filed a Response [78] in Opposition, contending that the Court should deny Walker's Motion [75] because he has been fully vaccinated against COVID-19 and therefore does not present any extraordinary and compelling reasons justifying release. Resp. [78] at 1, 11. The Government asserts that Walker's request for compassionate release should also be denied because he would

2

pose a danger to the safety of the community if released and the § 3553(a) factors weigh against a compassionate release. *Id*. at 12-13. The Government does not contest exhaustion. *See generally id*.

In his Reply [81], Walker maintains that "[t]he COVID-19 outbreak presents a compelling and extraordinary circumstance," which warrants compassionate release "for the most vulnerable," Reply [81] at 3 (emphasis removed), and that prison conditions have resulted in the "continued proliferation of infections within the jails and prisons," including FCI McDowell, *id*. at 7.

## II.  DISCUSSION

A.   <u>Whether Walker's sentencing argument is properly before the Court</u>

Walker argues that if he were sentenced today he would receive a different sentence because he improperly received a two-point offense level enhancement under the United States Sentencing Guidelines ("U.S.S.G."). Mot. [75] at 8 (citing U.S.S.G. 2D1.1(b)(5)). Walker contends that this purported sentencing error is an extraordinary and compelling reason justifying a compassionate release. *Id*. at 5-6.

In essence, Walker challenges the sufficiency of his sentence and submits that this insufficiency warrants a compassionate release. The Court finds that such a challenge is beyond the scope of a motion for compassionate release under 18 U.S.C. § 3852(c)(1)(a). *See United States v. Thompson*, No. 3:18-CR-0573-B-11, 2021 WL 1966847, at *3 (N.D. Tex. May 17, 2021). A motion under 28 U.S.C. § 2255 is the proper vehicle for challenging "errors . . . that occurred 'at or prior to sentencing.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v.*

3

*Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Thus, to the extent Walker challenges his sentence, his request should be denied because it requests relief beyond the scope available on a motion for compassionate release.

B.    <u>Whether Walker has demonstrated that extraordinary and compelling reasons justify his release</u>

A sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has recently held that district courts are "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)" when considering an inmate's motion for compassionate release. *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

Walker asserts that his release is warranted based on the threat posed by COVID-19 to those who are incarcerated. Mot. [75] at 10. Walker contends that the circumstances associated with incarceration promote "greater risks [of] exposure and transmission" of COVID-19 and that the BOP has failed to adequately screen individuals for COVID-19. *Id*. at 10-11. Walker has not identified any medical conditions which would place him at an increased risk for serious illness from COVID-19, and his BOP medical records do not reveal any such condition. *See* Ex. 1 [78-1].

Walker's generalized concerns about contracting COVID-19, Mot. [75] at 9-15, do not constitute an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A). As the Fifth Circuit has recognized, "[f]ear of COVID doesn't

4

automatically entitle a prisoner to release." *United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021). Moreover, Walker's BOP medical records reflect that he has received two doses of the Pfizer vaccine, Ex. 1 [78-1] at 1, and this Court has held that "the vaccine substantially reduces the risk of serious illness or death from COVID-19, even in patients with high-risk medical conditions." *United States v. Parham*, No. 1:19-CR-133-LG-RHW-1, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021) (citation omitted).

As such, Walker has failed to demonstrate an extraordinary and compelling reason justifying a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Walker's Motion [75] for Compassionate Release should be denied for this reason.

C. <u>Whether the applicable factors set forth in 18 U.S.C. § 3553(a) weigh in favor of Walker's release</u>

Walker has also failed to demonstrate that the factors under § 3553(a) weigh in favor of his release. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

*United States v. Chambliss*, 948 F.3d 691, 693 n.3 (5th Cir. 2020) (citing 18 U.S.C. § 3553(a)).

Walker argues that the § 3553(a) factors "can be met in this case by [an] order of home confinement as a condition of supervised release, or/and on GPS monitoring." Mot. [75] at 16. Walker notes that the biggest change in the § 3553(a)

5

factors since his sentencing is the COVID-19 pandemic, which he maintains weighs the nature and circumstances of the offense factor in favor of a compassionate release. *Id.* at 15-16. Walker also contends that his post-sentencing conduct demonstrates that he is no longer a threat to public safety and that releasing him would not endanger the community. *Id.* at 16.

To the extent Walker is asking the Court to order that he be transferred to home confinement, the Court lacks authority to grant such relief. *See* 18 U.S.C. § 3621(b) (stating that a designation of a place of imprisonment by the BOP "is not reviewable by any court"). Although Congress has expanded the authority of the BOP to place federal prisoners in home confinement in connection with the COVID-19 pandemic, *see* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020) ("CARES Act"), the Fifth Circuit has held that this provision does not grant to courts the necessary power to order that a prisoner be placed in home confinement, *see Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 740 (5th Cir. 2020). Instead, "[i]t is the BOP and the Attorney General who have the discretion to consider the appropriateness of home release based on certain statutory and discretionary factors," and "[i]t is not for a court to step in and mandate home confinement for prisoners, regardless of an international pandemic." *Id.*; *see also, e.g., United States v. Abdulqader*, No. 20-10891, 2021 WL 6102210, at *2 (5th Cir. Dec. 22, 2021) (per curiam) (recognizing that a court "cannot directly order [a prisoner] to serve out the remainder of his term in home confinement"). Any request Walker may be making for home

6

confinement in lieu of incarceration is therefore not well taken and must be denied. *See Abdulqader*, 2021 WL 6102210, at *2; *Cheek*, 835 F. App'x at 740.

According to the Presentence Investigation Report ("PSR") prepared in this case, based upon a total offense level of 35 and a criminal history category of II, Walker's Guidelines imprisonment range was from 188 months to 235 months. *See* PSR [31] at 72. As part of Walker's Plea Agreement [25], the Government recommended that the Court impose a sentence within the lower 25% of the applicable Guidelines range. *See id.* at 5. The Court sentenced Walker to a 188-month term of imprisonment, at the lower end of his Guidelines range, followed by three years of supervised release. Min. Entry, Aug. 1, 2017; J. [33] at 2-3. Walker's projected release date is July 21, 2030, meaning he has over 125 months, or roughly 66%, of his sentence left to serve. Ex. 1 [81-1] at 1-2.

Walker was convicted of a serious offense, and the sentence imposed in this case reflects that seriousness, as well as the need for deterrence and protection of the public under the applicable factors set forth at § 3553(a). Considering the totality of the record before it, the Court finds that releasing Walker from incarceration at this time would not reflect the gravity of his offense, protect the public, or afford adequate deterrence. 18 U.S.C. § 3553(a). For these reasons as well, Walker's Motion [75] should be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Melvin Jerrell Walker's Motion [75] for Compassionate Release and Modification of Sentence Pursuant to the First Step Act of 2018 is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 19th day of April, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE