IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | No. 1:17cr35-HSO-BWR-2 |
| MELVIN JERRELL WALKER | § | |

**ORDER DENYING DEFENDANT MELVIN JERRELL WALKER'S MOTION [85] FOR COMPASSIONATE RELEASE**

**BEFORE THE COURT** is Defendant Melvin Jerrell Walker's Motion [85] for Compassionate Release. For the reasons that follow, the Motion [85] should be denied.

I. BACKGROUND

A.  Walker's conviction and sentence

Pursuant to a written Plea Agreement [25] with the Government, on April 28, 2017, Defendant Melvin Jerrell Walker ("Defendant" or "Walker") pleaded guilty to a one-count Information [1] in this case, which charged that he "did knowingly and intentionally conspire with" his co-Defendants "and others known and unknown, to possess with intent to distribute methamphetamine, a Schedule II narcotic controlled, all as prohibited by Section 841(a)(1), Title 21, United States Code." Information [1] at 1. To assist the Court in sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). *See* PSR [31] (filed under seal). After Walker's attorney submitted objections to the PSR,

the Probation Officer prepared an Addendum [31-1]. *See* Addendum [31-1] (filed under seal).

The PSR found Walker responsible for between 1.5 and 4.5 kilograms of "actual" methamphetamine or "Ice," resulting in a base offense level of 36 under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). *See* PSR [31] at 64-65 (filed under seal); Addendum [31-1] at 2 (filed under seal); *see also* Tr. [63] at 9-10 (overruling objection to Guidelines calculation). Because the offense involved the importation of methamphetamine, a two-level enhancement was applied under U.S.S.G. § 2D1.1(b)(5) (2016). PSR [31] at 65-66 (filed under seal). After a three-level reduction for acceptance of responsibility, Walker's total offense level was calculated as 35. *Id.* at 66. With three criminal history points, he was placed in a criminal history category of II, *see id.* at 67, yielding a Guidelines imprisonment range 188 to 235 months, *see id.* at 72; *see also* Addendum [31-1] at 3.

On August 1, 2017, the Court sentenced Walker to serve a term of 188 months imprisonment followed by a period of three years supervised release, with a fine of $5,000.00 and a special assessment of $100.00. J. [33] at 2-3, 6. Walker filed a direct appeal, *see* Notice [34], which was dismissed for want of prosecution, *see* Order [48]. Walker has filed two prior Motions [64], [75] for Compassionate release, which were denied. *See* Order [73]; Order [82].

Walker, who is now 35 years old, is currently incarcerated at Federal Correctional Institution Yazoo ("FCI Yazoo") in Yazoo City, Mississippi. *See* Reply [88] at 5. With a projected release date of July 21, 2029, he has served roughly 128

months, or approximately 68% of his sentence.  *See* J. [33] at 2; Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/ (stating "Release Date: 07/21/2029" for Melvin Jerrell Walker, Register Number: 20228-043) (last visited July 19, 2024).

B.   Walker's Motion [85] for Compassionate Release

Proceeding pro se, on November 6, 2023, Walker filed his third Motion [85] for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A).  *See* Mot. [85].  He argues that his adjusted offense level should have been lower because the Court erred in considering the controlled substance as "Methamphetamine (actual)" in the drug quantity table, rather than just "Methamphetamine," based upon the purity level of the drugs involved in his case.  *See id.* at 6-9.  Walker also contends that the Court should not have increased the offense level by two for importation of methamphetamine, and that the 18 U.S.C. § 3553(a) factors weigh in favor of a sentence reduction.  *See id.* at 8-10.

The Government opposes the Motion [85] on grounds that Walker has not shown any extraordinary and compelling reasons justifying his release, Resp. [87] at 2-3, and that Walker cannot use his Motion [85] for Compassionate Release "to challenge the legality or the duration of his sentence" or "to correct sentencing errors," *id.* at 3 (quoting *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023)).  Even if Walker could seek compassionate release, the Government maintains that the relevant factors set forth at 18 U.S.C. § 3553(a) weigh against it.  *Id.* at 4.

3

Walker replies that he has presented extraordinary and compelling reasons justifying his compassionate release, including intervening changes in the Sentencing Guidelines, specifically U.S.S.G. § 2D1.1 (2023), and he cites § 1B1.13(b)(6) (2023), which allows courts to find that unusually long sentences constitute extraordinary and compelling circumstances.  Reply [88] at 2.

## II.  DISCUSSION

A.    Relevant legal authority

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c).  At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1)   in any case—
>     (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>         (i)   extraordinary and compelling reasons warrant such a reduction . . .
>                             \* \* \*
>             and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i). The Fifth Circuit has held that

> a prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *Id.*

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022).

The applicable Sentencing Commission policy statement provides that extraordinary and compelling reasons may exist when certain circumstances, alone or in combination, are present. *See* U.S.S.G. § 1B1.13(b) (2023). These include certain medical conditions of the defendant; defendant being housed at a facility affected, or at imminent risk of being infected, by an ongoing outbreak of an infectious disease or a public health emergency; defendant's age and "experiencing a serious deterioration in physical or mental health because of the aging process"; defendant's family circumstances; defendant being a victim of abuse; or other reasons that "are similar in gravity." U.S.S.G. § 1B1.13(b)(1)-(5) (2023).

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (2023).

Otherwise, "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c) (2023).  But if a defendant is able to establish that an extraordinary and compelling reason warrants a sentence reduction, "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." *Id.*   Similarly,

> [p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.  However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. § 1B1.13(d) (2023).

B.  Analysis

As the Government argues, to the extent Walker's Motion [85] raises claims in the nature of a direct appeal or a motion under 28 U.S.C. § 2255, Walker "cannot use § 3582(c) to challenge the legality or the duration of his sentence." *Escajeda*, 58 F.4th at 187; *see* Resp. [87] at 3 (citing *Escajeda*, 58 F.4th at 187).  To the extent that Walker's claims can be viewed through the prism of a proper § 3582(c) request, the Court finds no extraordinary and compelling reason justifying a sentence reduction.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(b) (2023).  Walker raises no grounds concerning his medical circumstances, where he is housed, his age, his family circumstances, being a victim of abuse, or other reasons similar in

6

gravity, as contemplated by the policy statement. *See* Mot. [85]; Reply [88]; U.S.S.G. § 1B1.13(b) (2023). Except as provided in U.S.S.G. § 1B1.13(b)(6), Walker's arguments concerning changes in the law "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists" U.S.S.G. § 1B1.13(c) (2023), and as for his statements regarding rehabilitation, *see* Mot. [85] at 9, any such rehabilitation "is not, by itself, an extraordinary and compelling reason," U.S.S.G. § 1B1.13(d) (2023). Nor do any of the other reasons raised by Walker constitute extraordinary and compelling reasons warranting a sentence reduction. *See* Mot. [85]; Reply [88].

Based upon the arguments presented by Walker, the only potential ground for relief is under § 1B1.13(b)(6),[1] but Walker did not receive an "unusually long sentence" and has not identified any change in the law that would produce any disparity, much less a "gross disparity." U.S.S.G. § 1B1.13(b)(6) (2023). Instead, the 2016 and 2023 drug quantity tables are identical with respect to the base offense level for between 1.5 and 4.5 kilograms of Methamphetamine (actual), meaning that, even if Walker had been sentenced under the 2023 Guidelines, his sentencing range would have remained the same. *Compare* U.S.S.G. § 2D1.1 (2016), *with* U.S.S.G. § 2D1.1 (2023). Thus, § 1B1.13(b)(6) is simply inapplicable

---

[1] Under § 1B1.13(b)(6), "after November 1, 2023, a non-retroactive change in the law may be considered in determining whether the defendant presents, as a whole, extraordinary and compelling reasons if: (1) the defendant has served at least ten years of the term of imprisonment; (2) the change in the law would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed; and (3) the defendant's individualized circumstances support compassionate release." *United States v. Jean*, No. 23-40463, 2024 WL 3409145, at *11 (5th Cir. July 15, 2024).

7

here, and Walker has not shown any other extraordinary and compelling reason to reduce his sentence.

Even if extraordinary and compelling reasons were present, the § 3553(a) factors weigh strongly against Walker's release. These factors include, among others, the nature and circumstances of the offense of conviction and the history of the Defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence,[2] and to protect the public. *See* 18 U.S.C. § 3553(a).

The Court sentenced Walker to a 188-month term of imprisonment, followed by three years of supervised release. *See* J. [33] at 2-3. Walker's current projected release date is July 21, 2029, meaning he has roughly 60 months, or 32%, of his sentence left to serve. *See* J. [33] at 2; Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/ (stating "Release Date: 07/21/2029" for Melvin Jerrell Walker, Register Number: 20228-043) (last visited July 19, 2024). Walker was involved with a significant quantity of drugs. Coupled with the other facts of

---

[2] Walker was in a criminal history category of II, but this understates his criminal history. The PSR detailed a litany of other criminal conduct that was not counted in determining Walker's criminal history. *See* PSR [31] at 67 (filed under seal) ("Walker has several traffic-related offenses arising out of George County, Mississippi, and Hattiesburg, Mississippi, for which he has been convicted and fined."); *id.* ("Walker owes $100 to Lucedale Municipal Court, located in Lucedale, Mississippi, for a no driver's license offense."); *id.* ("The defendant was arrested on May 11, 2009, by the George County Sheriff's Office, for contempt of court/failure to appear."); *id.* at 67-68 ("On September 26, 2014, the defendant was arrested for DUI by the Forrest County Sheriff's Department," and "[o]n December 31, 2014, the defendant failed to appear in court and a warrant was issued, which remains active."); *id.* at 68 (stating Walker was bound over to the grand jury in 2007 for possession of a controlled substance, possession of marijuana, and possession of paraphernalia); *id.* (indicating Walker was charged in 2009 with "profanity/drunkenness in public" and fleeing law a law enforcement vehicle); *id.* (stating a charge against Walker for statutory rape was "Nolle Prossed" in 2012).

the case and Walker's criminal history, the Court considers significant the very serious nature of Walker's offense of conviction, including the large quantity of drugs involved, and the relatively short length of time he has served.  Considering the totality of the record before it, the Court finds that releasing Walker from incarceration at this time would not reflect the gravity of his offense, protect the public, or afford adequate deterrence.  *See* 18 U.S.C. § 3553(a).  Walker's Motion [85] is not well taken and should be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Melvin Jerrell Walker's Motion [85] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 22nd day of July, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE